# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL W. MCCARTHY,

    Plaintiff,

v.

LUZERNE COUNTY,

    Defendant.

CIVIL ACTION NO. 3:11-CV-0096

(JUDGE CAPUTO)

## MEMORANDUM

The defendant moves to dismiss Counts III, IV, and V of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 3.) For the reasons explained below, the motion will be granted in part and denied in part.

## I. Background[1]

In February of 2007, Michael McCarthy sent his resume to Douglas Richards, the Human Resources Director for Luzerne County, Pennsylvania. At that time, McCarthy was employed as a Group Treatment Leader Supervisor at a correctional facility in Florida.

On March 9, 2008, after having traveled from Florida, McCarthy met with Richards at the Luzerne County Courthouse. They discussed McCarthy's work experience and the next training session for correctional officers in Luzerne County. During this meeting, McCarthy told Richards that he had a defibrillator that was implanted for precautionary medical purposes. He further noted that the defibrillator did not affect his job performance in any way and that he would be able to perform any task necessary as a correctional officer or trainee.

---

[1] For purposes of deciding this motion, the facts in the complaint are assumed to be true, and are stated in the light most favorable to the plaintiff.

1

In April of 2007, Richards told McCarthy that he would be included in the next correctional officer training class. In May, Richards told McCarthy that the training class was scheduled for June.

In reliance on this conversation, McCarthy resigned from his job in Florida. In late May, he moved to Pennsylvania based on Richards' offer of employment. On July 11, Richards informed McCarthy that the June training class was postponed. The training class was rescheduled for July.

In connection with McCarthy's placement in this class, he was interviewed by Major James Larson on July 6. During this interview, McCarthy relayed that he had a defibrillator and could fully perform the job duties of a correctional officer. Larson raised no objections or concerns to McCarthy working for Luzerne County, but asked McCarthy to fill out a new application because his previous application was lost by Luzerne County staff.

On July 23, McCarthy accepted employment from Luzerne County as a corrections officer trainee and was enrolled in a training class. In response to questions posed by the training staff, McCarthy explained again that his defibrillator would not inhibit his performance during training. At the time he gave this explanation, the staff did not object to McCarthy continuing to work for Luzerne County. The staff continued to express concern, however, and McCarthy continued to reiterate that his defibrillator did not pose any risk.

On July 25, during the training class, Captain Frank Handley did not allow McCarthy to participate in the ½ mile qualifying run, citing liability concerns and the necessity for a doctor's note. McCarthy tried to allay the captain's concerns, but to no avail. The captain would not allow McCarthy to participate in the run, and also refused to allow him to participate in a lifting qualification and pepper spray qualification that were part of the training

2

class.

Although McCarthy was performing well in the training class, he was asked to obtain a doctor's note regarding his medical condition. McCarthy informed the instructor who requested the doctor's note that he could probably present a note on July 30 or 31 from his long-term treating physician, Dr. Kerrigan.

On July 27, Captain Handley told McCarthy that he and the warden were concerned about McCarthy's physical condition and asked if McCarthy could take a hit from a Taser. McCarthy responded that he did not know. In light of this answer, Captain Handley told him that "due to liability concerns, the Warden and I don't see any reason for you to continue with your training since you would be unable to pass the Taser qualifying [test] in Elizabethtown" and that "it's not worth training staff time and taxpayer's money or your time to continue, only to be unable to get certified in Elizabethtown."

Then, the captain terminated McCarthy's training and employment without waiting to receive the doctor's note. McCarthy was able to pass all the required qualifications and has since done so. Even after providing medical documentation, McCarthy was removed and excluded from a trainee list for February 2008. No explanation for this exclusion was given, and McCarthy was rebuffed when he tried to gain more information.

McCarthy filed a five-count complaint against Luzerne County, bringing claims under the Americans with Disabilities Act and the Pennsylvania Human Relations Act, and state common law claims. The county moves to dismiss McCarthy's fraud, breach of contract, and promissory estoppel claims under Federal Rule of Civil Procedure 12(b)(6).

## II. Discussion

**A. Legal Standard on a Motion to Dismiss**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will

ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.*

**B. Fraud**

The defendant argues that McCarthy's fraud claim falls outside the limitations period and is insufficiently pleaded.

A complaint may be dismissed for failing to state a claim on statute of limitations grounds when it is clear from the face of the complaint that its claims are time-barred. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). In Pennsylvania, fraud claims must be brought within two years. 42 Pa. C.S. § 5524(7).

Although most of the actions complained of occurred in 2008 or earlier, McCarthy points to several allegations that he asserts constituted continuing violations or otherwise timely conduct. The conduct he points to is the defendant's alleged failure to disclose (1) its reasons for refusing to exclude McCarthy from the training class; (2) the existence of a letter dated July 27, 2007 from Captain Handley to Warden Fischi stating that McCarthy would not be allowed to participate in training until medical documentation was provided; and (3) its receipt of a doctor's note from McCarthy.

Even assuming that the above conduct occurred within the limitations period, the defendant argues that it fails to rise to the level of fraud. The Court agrees.

Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Its elements are "(1) a misrepresentation; (2) a fraudulent utterance of it; (3) the maker's intent that the recipient be induced thereby to act; (4) the recipient's justifiable reliance on the misrepresentation; and (5) damage to the recipient proximately caused." *Sevin v. Kelshaw*, 611 A.2d 1232, 1236 (Pa. Super. 1992) (citing *Lokay v. Lehigh Valley Co-op. Farmers, Inc.*, 492 A.2d 405, 408 (Pa. Super. 1985)). Each element must be alleged to set forth a claim for common law fraud. *Colaizzi v. Beck*, 895 A.2d 36, 40 (Pa. Super. 2006).

Here, McCarthy has failed to establish the elements of fraud because he has not adequately plead justifiable reliance on any actionable misrepresentation. "A misrepresentation is material if it is such character that if it had not been misrepresented, the transaction would not have been consummated." *Colaizzi*, 895 A.2d at 39–40 (citing *Sevin*, 611 A.2d at 1237). Nondisclosures are actionable when the party failing to disclose is "under a duty to the other to exercise reasonable care to disclose the matter in question." Restatement (Second) of Torts § 551. Pennsylvania common law requires the existence of a "confidential relationship" as a prerequisite to liability for omissions. *City of Harrisburg v. Bradford Trust Co.* 621 F. Supp. 463, 473 (D.C. Pa. 1985) (citing *Federal Land Bank of Baltimore v. Fetner*, 410 A.2d 344 (1979), *cert. denied*, 446 U.S. 918 (1980)). Employers and employees do not have a fiduciary or confidential relationship. *See Com. ex rel. Corbett v. Snyder*, 977 A.2d 28., 46 (Pa. Commw. Ct. 2009).

Here, the first two actions McCarthy points to–the failure to disclose the reasons for excluding him and the letter from Captain Handley—cannot constitute fraud because there exists no confidential relationship mandating disclosure. As to the alleged failure of the defendants to admit their possession of the doctor's note, McCarthy has failed to plead any justifiable reliance. Thus, his fraud claim must be dismissed.

## C. Breach of Contract Implied in Fact

The county also argues that the breach of contract claim must be dismissed because McCarthy has failed to plead adequate facts demonstrating the existence of any implied-in-fact contract. McCarthy argues that the county had an implied-in-fact contract promising that McCarthy would not be terminated due to his defibrillator.

Implied-in-fact contracts "arise from promises implied by words and conduct in light of the surrounding circumstances." *Braun v. Wal-Mart Stores, Inc.*, __ A.3d __, 2011 WL 2295224, at *59 (Pa. Super. Jun. 10, 2011) (citing *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 677 A.2d 747 (N.J. 1996). Such contracts are "formed by conditions manifested by words and inferred from circumstances." *Id.* (citing *Troy v. Rutgers*, 774 A.2d 476 (2001)). Although employment is presumed to be at-will, the presumption may be overcome when the parties intend otherwise, as when there is an implied-in-fact contract. *See Ruzicki v. Catholic Cemeteries Ass'n of Diocese of Pittsburgh*, 610 A.2d 495, 497 (Pa. Super. 1992). Additionally, the presumption may be rebutted by showing sufficient additional consideration, as where an employee moves a great distance for a job. *See Kane v. Platinum Healthcare*, Civ. No. 10-4390, 2011 WL 248494, at *4 (E.D. Pa. Jan. 25, 2011) (citing *Cashdollar v. Mercy Hosp. of Pittsburgh*, 595 A.2d 70 (Pa. Super. Ct. 1991)).

Here, McCarthy has adequately alleged facts from which the Court can draw the

reasonable inference of an implied-in-fact contract. Viewing the facts alleged in the light most favorable to McCarthy, the circumstances surrounding his hiring suggest that the parties agreed McCarthy would not be terminated based on the presence of his defibrillator. Additionally, the move from Florida to Pennsylvania could constitute sufficient additional consideration to find that an implied contract for employment existed. Thus, dismissal of this claim is not warranted.

**D. Promissory Estoppel**

The defendant argues that McCarthy's promissory estoppel claim, which is pleaded in the alternative to the breach of implied contract claim, should be dismissed because McCarthy's complaint fails to aver facts sufficient to overcome the presumption that he was an employee at will.

To establish promissory estoppel, the plaintiff must prove that "(1) the promisor made a promise that would reasonably be expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." *Pratter v. Penn Treaty American Corp.*, 11 A.3d 550, 562 (Pa. Commw. Ct. 2010) (quoting *Peluso v. Kistner*, 970 A.2d 530, 534 (Pa. Commw. Ct. 2009)). The doctrine of promissory estoppel exists to enforce promises when a party justifiably relies on a promise to its detriment, despite the absence of consideration. *Dept. of Health v. Data-Quest, Inc.*, 972 A.2d 74, 78 n.5 (Pa. Commw. Ct. 2009) (citing *Cardamone v. Univ. of Pittsburgh*, 384 A.2d 1228 (Pa. Super. 1978)).

Pennsylvania's common law does not permit a cause of action against an employer for discharge where employment is at-will unless a clear public policy is threatened by the

discharge. *Krasja v. Keypunch, Inc.*, 622 A.2d 355, 358 (Pa. Super. 1993). Thus, no cause of action exists against an employer for breaking a promise that falls short of a contractual obligation. *See Paul v. Lankenau Hospital*, 569 A.2d 346, 95 (Pa. 1990) ("The doctrine of equitable estoppel is not an exception of the employment at-will doctrine. An employee may be discharged with or without cause, and our law does not prohibit firing an employee for relying on an employer's promise."); *see also Dyche v. Bonney*, 277 F. App'x 244, 246 & n.1 (3d Cir. 2008) (noting that *Paul* applies to promissory estoppel).

Because a theory of promissory estoppel is not legally cognizable against an employer in Pennsylvania as relates to discharge, and McCarthy points to no clear public policy that was threatened by his discharge, his promissory estoppel claim must be dismissed.

### III. Conclusion

For the reasons explained above, the defendant's motion to dismiss (Doc. 3) will be granted in part and denied in part. The fraud and equitable estoppel claims will be dismissed, while the breach of contract claim survives. Although affirmative leave to amend must be granted in civil rights cases, the Third Circuit Court of Appeals has "implicitly rejected any argument that, outside of civil rights cases, district courts must *sua sponte* grant leave to amend before dismissing a complaint for failure to state a claim. . . . [and has] held that a district court need not worry about amendment when the plaintiff does not properly request it." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here, McCarthy has not sought leave to amend by submitting a proposed draft amended complaint. *See id.* ("[nW]e have held that a failure to submit a draft amended complaint is fatal to a request for leave to amend.") Thus, *sua sponte* leave to amend will not

be given. An appropriate order follows.

July 1, 2011                                 /s/ A. Richard Caputo
Date                                            A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL W. MCCARTHY,

   Plaintiff

      v.

LUZERNE COUNTY,

   Defendant.

NO. 3:11-CV-0096

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 1st day of July, 2011, **IT IS HEREBY ORDERED** that the motion to dismiss (Doc. 3) is **GRANTED** as to the fraud and promissory estoppel claims in Counts III and V of the complaint, and these claims are **DISMISSED**. The motion is **DENIED** as to the breach of implied contract claim at Count IV.

                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge