# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL W. McCARTHY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-0096** |
| **v.** | : | **(MANNION, M.J)** |
| **LUZERNE COUNTY,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM AND ORDER</u>[1]

Presently before the court is the plaintiff's motion for partial summary judgment, (Doc. No. 26). The plaintiff seeks damages under the Americans with Disabilities Act ("ADA") and, in the instant motion, seeks summary judgment solely to establish the seniority status to which he would be entitled should he prevail in the underlying action. Finding that no issues of material facts remain as to the plaintiffs initial date of employment and his involuntary exclusion from necessary training and testing, the motion is **GRANTED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I.    BACKGROUND[2]

The plaintiff is currently employed by the Luzerne County Correctional Facility ("LCCF"). (Doc. No. 27 at 2). Prior to joining the staff of the LCCF, the plaintiff worked as a Group Treatment Leader Supervisor at a facility in Florida. (Id.).  In March 2007, the plaintiff applied for a position at the LCCF and met with Human Resources Director Douglas Richards. (Id.). During a meeting in March 2007, the plaintiff informed Richards that he had a defibrillator, but that it did not impact his ability to perform his duties. (Id.). The plaintiff accepted employment as a Corrections Officer Trainee on July 23, 2007 and began training.[3] (Id. at 3).

On July 25, 2007, during a training class, the plaintiff was denied the ability to participate in a training run because of concerns about his need for a defibrillator. (Id.). The plaintiff was also denied participation in lifting, pepper spray and taser qualification tests. (Id. at 4). The plaintiff was dismissed from the training program and asked to provide a doctor's note clearing him for participation. (Id.). The plaintiff provided the required note from Dr. Patrick Kerrigan, a medical doctor, which stated that the plaintiff was capable of

_____

[2]Pursuant to Local Rule 56, the plaintiff submitted a statement of material facts, (Doc. No. 27), in support of his motion. The defendant responded with a counter statement of material facts, (Doc. No. 31).

[3] The plaintiff was initially offered a position in a June 2007 training class, but the class was postponed until July 2007.

completing the necessary tests. (Id.). Deputy Warden Samuel Hyder, however, still felt that the taser test was too great a risk and requested that the plaintiff be cleared by a cardiologist before continuing with the training. (Id.). The plaintiff was scheduled to join the next training class, but when the plaintiff failed to now produce another medical clearance from a cardiologist, he was again removed from the program. (Id). The defendant asserts that the plaintiff was not denied the ability to participate in the tests or removed from the program, but rather that he voluntarily left the program. (Doc. No. 31 at 3). Ultimately, the Luzerne County Prison Board approved the plaintiff's appointment as a Correctional Officer Trainee, effective March 22, 2010. (Doc. No. 29 at 3).

Under the collective bargaining agreement ("CBA") between Luzerne County and the Correctional Facility and Laborer's International Union of North America, AFL-CIO Local 1310 (hereinafter "the Union"), there are two types of seniority: overall seniority and departmental seniority. (Doc No. 27 at 5-6). Overall seniority is measured from the date an employee first becomes employed or from the date following a break in continuous service. (Id. at 6). The plaintiff argues that his seniority should be retroactive to his initial hire date, July 23, 2007. (Doc. No. 28 at 7). The defendant, however, argues that the March 22, 2010 is the relevant hire date because the plaintiff's failure to continue with his training class constituted a break in continuous service. (Doc No. 29 at 3-4).

3

The plaintiff filed his complaint on January 12, 2011, (Doc. No. 1). The defendant filed the instant motion for partial summary judgment, (Doc. No. 26), statement of facts, (Doc. No. 27), and brief in support, (Doc. No. 28), on August 7, 2012. On August 24, 2012, the defendant filed its brief in opposition, (Doc. No. 29), an answer to the plaintiff's motion, (Doc. No. 30), a counterstatement of material facts, (Doc. No. 31), and a separate appendix of exhibits, (Doc. No. 33). On the same day, the plaintiff filed a brief in reply, (Doc. No. 32). On August 28, 2012, the defendant filed a corrected exhibit, (Doc. No. 34). On August 29, 2012, the plaintiff filed a supplemental brief in reply to address the corrected exhibit, (Doc. No. 35).

## II.   STANDARD OF REVIEW

The defendants have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990); *In re Cargill Meat Solutions Wage and Hour Litigation*, 632 F.Supp.2d 368, 372 (M.D.Pa.2008). A factual dispute is genuine if a reasonable jury could find for the non-moving

party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir.2007). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir.2004). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir.2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir.2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir.1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the

non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir.2007).

## III.   DISCUSSION

The sole question before the court is whether the plaintiff voluntarily left the training program or if the defendant prevented him from completing it. The parties do not disputed that the plaintiff's employment first began on July 23, 2007. (Doc. No. 28 at 7-8). The plaintiff contends that the only interruption in the his employment occurred when he was not allowed to continue necessary training due to misperceptions of his disability. (Id. at 5-6). The court agrees.

Several key facts are not in dispute. The plaintiff notified the defendant's Human Resources Manager about his need for a defribrillator but that it did not impact his ability to perform his duties. (Doc. No. 29 at 1). The plaintiff was subsequently hired and placed into a training class which began in July 2007. (Id. at 1-2). Members of the defendant's staff voiced their concerns about the plaintiff's ability to complete necessary tests in light of his need for a defibrillator. (Id. at 2). At the defendant's request the plaintiff produced a doctor's note clearing him for the necessary tests. Finally, the parties do not

6

dispute that the plaintiff eventually completed the necessary training and currently serves as a Correctional Officer at LCCF. (Id. at 3).

In fact, the only significant issue on which the parties do not agree is whether, after the defendant's medical concerns came to light, the plaintiff voluntarily chose to leave the training program. (Id. at 2). If he did voluntarily leave the program, the defendant asserts, then the plaintiff's seniority should only extend back to March 22, 2010, when he was appointed to his current position. (Id. at 3). The plaintiff has continually asserted that he wished to continue the training but was prevented from doing so. (Doc. No. 32 at 2).

In evaluating a motion for summary judgment, the court must examine the facts in a light favorable to the non-moving party. In this case, there are a number of undisputed facts which clearly establish that the defendant was aware of the plaintiff's need for a defribrillator and at least resisted his participation in necessary tests. Though the parties disagree about why the plaintiff did not finish the initial training course, the defendant's argument that the plaintiff voluntarily left is severely undercut by the fact that the plaintiff eventually completed the training and currently serves as a Correctional Officer. The parties do not dispute that the plaintiff reasonably believed he could complete the necessary tests and that he had been cleared by a medical doctor to do so. Therefore, no  questions of material facts remain as to the plaintiff's desire to complete the training nor his belief that he was sufficiently capable of doing so. While the warden may have felt he was being

careful, there is no indication that his layman's concern should have outweighed the opinion of the plaintiff's medical doctor. Further there is no indication that the warden's opinion was based upon the recommendation of another medical professional who felt that the plaintiff's medical doctor's opinion was either insufficient or incorrect. The court therefore finds that the plaintiff would have continued with the training had he not been prevented from doing so. As such, the plaintiff's seniority should be measured from his initial employment date, July 23, 2007.

**IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for partial summary judgment, (Doc. No. 26), is **GRANTED**.

_Malachy E. Mannion_
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: September 25, 2012**
O:\shared\MEMORANDA\2011 MEMORANDA\11-0096-01.wpd

8